IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON PFLUEGER,<br><br>    Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC.<br>and AMANDA BARRON,<br><br>    Defendants. | 4:17-CV-3092<br><br>MEMORANDUM AND ORDER |

The plaintiff, Aaron Pflueger, brings this action pursuant to the Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692 *et seq.*, alleging in pertinent part that the defendants violated the FDCPA by commencing a county court collection lawsuit in a Nebraska county where he did not reside. Filing 36 at 4. The defendants deny that the collection suit was commenced in the wrong venue, and claim that even if it was, the error was not intentional and resulted from a bona fide error notwithstanding reasonable procedures to avoid any such error. Filing 37 at 2-3. Pflueger moves for partial summary judgment regarding liability. The defendants move for summary judgment and dismissal of Pflueger's amended complaint based on their defenses. The Court will deny both motions.

## I. STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to

those facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.*

## II. BACKGROUND

Around August 15, 2016, defendant Credit Bureau Services (CBS) received assignment of a debt Pflueger had incurred for services provided by the Seward Animal Hospital. *See*, filing 45-2 at 7. The amount of the debt was $895.26. *See* filing 45-2 at 16. CBS learned from the post office that as of August 15, Pflueger resided at 214 Oak Street, Louisville, Nebraska. Filing 45-1 at 1. On August 30, a CBS representative spoke with Pflueger by telephone and verified his address. Filing 45-1 at 2. Around September 7, CBS mailed a notice to Pflueger at the Louisville address. Filing 45-1 at 2. That mailing was returned on September 9 with an address correction notification that Pflueger's new mailing address was a post office box in Murdock, Nebraska. Filing 45-1 at 2. Around November 22, CBS mailed another notice to Pflueger's Murdock post office box. Filing 45-1 at 2. That notice was not returned as undeliverable or with an address change notification. Filing 45-1 at 2.

On December 8, defendant Barron, acting as the attorney for CBS, requested information from the Murdock postmaster about Pflueger and the physical address of the boxholder of the post office box previously identified as belonging to Pflueger. Filing 45-1 at 2, 5. In response, the postmaster reported the boxholder's address was the same Louisville address CBS had sent a notice to in August—the notice that had been returned. Filing 45-1 at 2, 5. Murdock is a small village located approximately 13 miles southwest of Louisville. Both towns are in Cass County, Nebraska.

2

Around December 23, Barron prepared a complaint and praecipe to be filed in Cass County Court regarding Pflueger's debt. Filing 45-1 at 3. On December 29, CBS sent the complaint and praecipe, along with a check for the filing fee, to the Cass County Court clerk. Filing 45-1 at 3. The complaint and praecipe were received by the clerk and file stamped January 4, 2017. Filing 45-1 at 3; filing 45-2 at 16. The praecipe for summons requested certified mail service at Pflueger's Louisville address—not Pflueger's post office box in Murdock. Filing 45-2 at 17. Not surprisingly, certified mail service was unsuccessful. Filing 45-2 at 20. The certified mail return receipt filed by Barron and file stamped January 20, 2017, had the notation "unable to forward," which would indicate that Pflueger no longer resided at the Louisville address. Filing 45-2 at 20.

Barron filed a praecipe for alias summons on March 1, directing the Cass County Sheriff to obtain personal or residential service of Pflueger at the same Louisville address where mail had previously been returned and certified mail service was unsuccessful. Filing 45-2 at 22. In addition, the sheriff was directed to personally serve Pflueger at what was believed to be his place of employment. But the address provided for Pflueger's employment was the same as his home address in Louisville. Filing 45-2 at 22. Again, not surprisingly, the Sheriff was unable to perfect service of summons and copy of the defendants' complaint. The sheriff's service return reported that service failed because Pflueger had "moved away." Appendix A.[1]

---

[1] The county court records provided to the Court by the parties were not entirely complete, but the Court takes judicial notice of other relevant filings in the county court record. *See Noble Sys. Corp. v. Alorica Cent.*, 543 F.3d 978, 982 (8th Cir. 2008); *see also, Bacon v. Neer*, 631 F.3d 875, 877-78 (8th Cir. 2011); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005). Those documents have been attached as appendices to this memorandum and order.

The defendants moved the county court for leave to obtain service by publication, and leave was granted on April 27, 2017. The affidavit of publication filed with the county court clerk on May 25 reports that notice of the defendant's lawsuit was published for three consecutive weeks between May 4 to May 18 in a Plattsmouth, Nebraska legal newspaper. Filing 45-2 at 25. Plattsmouth is the county seat for Cass County and is about 15 miles east of Louisville.

Before May 8, 2017, CBS located a Wayne County, Nebraska, arrest warrant for Pflueger dated May 3, 2017. Filing 45-1 at 3, 9. The warrant reported a Gretna, Nebraska address for Pflueger. Filing 45-1 at 9. Gretna is in Sarpy County - a county adjoining Cass County to the north. On May 10, an attorney (not Barron) filed an "affidavit of mailing notice" with the Cass County Court clerk. The affidavit reported that Pflueger had been served notice at his Gretna address of the pending collection action first published in the Plattsmouth Journal on May 4. Appendix B. There is no indication Pflueger appeared or filed a pleading of any kind in the Cass County collection action.

Barron moved the Cass County court for a default judgment on June 27. Filing 45-2 at 5. Barron's motion appeared to be a standard form and recited "the allegations contained in the complaint of the Plaintiff are true." Filing 45-2 at 5. The defendants' original filing was captioned "Complaint and Praecipe," and although the complaint did not report an address for Pflueger, the praecipe reported Pflueger's Louisville address. Filing 45-2 at 16-17. Barron mailed a copy of the motion for default judgment to Pflueger's Gretna address on that same day, June 27. Filing 45-2 at 6. Relying on Barron's representations regarding service of process and venue, the county court entered judgment for CBS on June 30, 2017. Filing 45-2 at 5.

## III. DISCUSSION

1. PFLUEGER'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

The FDCPA is a "broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied in a liberal manner." *Cordes v. Frederick J. Hanna & Assoc., P.C.*, 789 F. Supp. 2d 1173, 1175 (D. Minn. 2011) (quotation omitted). Venue restrictions are imposed on debt collectors taking legal action to collect a debt not involving an interest in real property. In pertinent part, "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity . . . in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2)(B).[2] The FDCPA protects consumers against unfair methods of consumer debt collection such as abusive forum shopping. *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2nd Cir. 2011). Section 1692i(a)(2)(B) prevents debt collectors from choosing a venue that suits it best and applies "even where the debt collector's venue selection is permissible as a matter of state law." *Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 864 F.3d 492, 496, (7th Cir. 2017).

"[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of . . . any actual damages sustained by such person as a result of such failure[.]" 15 U.S.C. § 1692k(a)(1). Additionally, in the case of a person, statutory damages not exceeding $1,000 may be awarded by a court. 15 U.S.C. § 1692k(2)(A).

---

[2] Regarding consumer contract actions, venue for matters not involving an interest in real property is proper in the judicial district or similar legal entity in which the consumer signed the contract sued upon. 15 U.S.C. § 1962i(a)(2)(A).

5

Pflueger alleges that the legal action taken by the defendants to collect a debt contravenes the venue requirements found at 15 U.S.C. § 1692i(a)(2)(B). Principally, Pflueger asserts the defendants failed to commence their collection action in the judicial district where he resided. Filing 42 at 1. Pflueger's evidence in support of his motion is a copy of the CBS collection action filed in the Cass County Court and file stamped January 4, 2017 (filing 41-5 at 2), Pflueger's affidavit stating that he moved from Cass County to Sarpy County on December 30, 2016 with no intention of returning to Cass County (filing 41-2 at 2), and Pflueger's answers to defendants' interrogatories where he reported residing in Gretna beginning December 30, 2016 (filing 41-4 at 2-3).

The defendants oppose Pflueger's motion for partial summary judgment on liability on several grounds, some of which are borderline frivolous. For example, the defendants argue that Pflueger failed to establish that Barron is a debt collector within the meaning of 15 U.S.C. § 1692(a)(6). Filing 49 at 5. "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts[.]" 15 U.S.C. § 1692a(6). Pflueger submitted evidence that CBS admits that it is engaged in the business of collecting debts and regularly uses the mail and telephones to collect debts. Filing 41-3 at 3.

It is undisputed that Barron, acting as the attorney for CBS, filed the Cass County collection action against Pflueger. C.J. Tighe, owner and president of CBS, provided his affidavit in which he stated that Barron was the lawyer for CBS and used the mails in connection with the Cass County collection action against Pflueger. Filing 45-1 at 1-3. Moreover, without objection, Pflueger produced printouts obtained from the official Nebraska Judicial Branch website indicating that in 2016, Barron filed at least 374 lawsuits for CBS. Filing 46-3. "[A] lawyer who 'regularly,' *through litigation*,

tries to collect consumer debts" is a "debt collector" as that term is applied in the FDCPA. *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995). An argument that Barron, acting as CBS's attorney, was not a "person who uses . . . the mails in any business the principal purpose of which is the collection of any debts" is not an argument made in good faith.

The defendants also argue that Pflueger's FDCPA claim is barred by the *Rooker-Feldman* doctrine. Filing 49 at 8; *see D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).[3] But the Eighth Circuit Court of Appeals has specifically rejected the defendants' contention. "FDCPA claims often involve allegations of misconduct in underlying and completed state-court litigation. The fact of prior litigation and the existence of a prior collection-related judgment, however, does not in and of itself trigger application of the *Rooker-Feldman* doctrine." *Hageman v. Barton,* 817 F.3d 611, 615 & n.5 (8th Cir. 2016).

The defendants finally argue that their collection suit commenced on the date that CBS mailed the pleadings Barron prepared, along with its check for the county court filing fee, to the Cass County Court. That date, according to

---

[3] *Rooker-Feldman* holds that pursuant to 28 U.S.C. § 1257, federal district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 840 (8th Cir. 2017). But § 1257 does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (cleaned up).

7

defendants, was December 29—one day before the day Pflueger reports moving to Sarpy County. Filing 49 at 6. But under Nebraska law, "[a]n action is commenced on the date the complaint is filed with the court." Neb. Rev. Stat. § 25-217. And the Cass County complaint was file-stamped January 4, 2017.

Nonetheless, the Court finds that there is a genuine issue of material fact regarding when Pflueger actually moved from Cass County to Sarpy County. Section 1962i(a)(2)(B) provides that venue is proper for a consumer debt collection action in the judicial district where the "consumer resides at the commencement of the action."[4] Pflueger reported in his affidavit that he moved from Cass County to Sarpy County on December 30, 2016, but that is disputed. The defendants' evidence shows that Pflueger resided in Cass County in December 2016, and that on April 4, 2017, Pflueger made a waiver payment for a traffic violation in Keith County, Nebraska, at which time he reported an Elmwood, Nebraska address. Elmwood is a village in Cass County. Filing 45-2 at 48-49.

Moreover, the defendants served discovery on Pflueger requesting documentation of his address from January 1, 2016 to the present. Filing 45-2 at 27-29. The documents requested included bank statements, and utility billings. Instead of producing the requested documents, or explaining why such documents could not be produced, Pflueger objected to the request contending that it was outside the scope of discovery. There is no indication the defendants took any action to obtain a ruling on Pflueger's objection or to compel production of the requested documents. Nonetheless, that means that Pflueger is asking for summary judgment based on an uncorroborated assertion.

---

[4] The parties appear to agree that the term "judicial district" as it applies in this matter refers to the Nebraska county where Pflueger resided at the commencement of the county court collection action.

The defendants, as the non-moving party regarding Pflueger's motion, are entitled to all reasonable inferences to be derived from the facts. *Hill v. Southwestern Energy Co.* 858 F.3d 481, 487 (8th Cir. 2015). The absence of corroboration regarding the date Pflueger established his residency in Sarpy County, together with the April 2017 Keith County waiver payment, could lead a reasonable factfinder to doubt Pflueger's affidavit regarding when he moved to Sarpy County. Credibility determination or the weighing of the evidence is not the Court's role at this stage of the proceedings. See, *Torgerson v. City of Rochester,* 643 F.3d at 1042.

2. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

For similar reasons, Pflueger's affidavit stating that he moved from Cass County to Sarpy County on December 30, 2016, likewise creates a genuine issue of material fact regarding whether the defendants' collection action was commenced in the judicial district where Pflueger resided. Accordingly, the defendants are not entitled to summary judgment unless their error in venue (assuming such to be true) fits within the FDCPA "bona fide error" defense.

If an FDCPA violation has occurred, "[a] debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. 1692k(c). Bona fide errors concern clerical or factual errors only, and not mistakes of legal judgment. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 580 (2010).

The bona fide error defense does not apply to mistakes in legal judgment, mistakes in reliance on the advice of counsel, or a mistake about the law. *Picht v. John R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001). The bona fide error

9

defense does not apply to violations of the "FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute." *Jerman*, 559 U.S. at 604. The bona fide error defense was held to not apply to mistakes of law occasioned by reliance on controlling authority that was subsequently overruled. *Oliva*, 864 F.3d at 494. "[T]he risk of legal uncertainty [is] on debt collectors, giving them incentives to stay well within legal boundaries." *Id*. at 499.

There is evidence, as described in detail above, when viewed in the light most favorable to Pflueger, that suggests that the defendants had good reason to doubt whether the collection action was commenced in the judicial district where Pflueger resided. Well before filing the complaint, the defendants knew Pflueger was not receiving mail in Louisville. Upon filing suit in Cass County, the defendants were not able to obtain certified mail service, and later could not obtain personal or residential service of the summons and complaint on Pflueger. Instead, the defendants were advised by the sheriff's return that Pflueger could not be located in Cass County. The defendants intentionally elected to continue with the Cass County Court suit and obtain a valid and enforceable judgment against Pflueger even though the defendants could not be certain whether venue under the FDCPA was proper.

The Cass County judgment was valid and enforceable because "[u]nlike jurisdiction, venue is a personal privilege which, if not raised by a party, is waived unless prohibited by law." *Hofferer v. Hastings Utilities*, 803 N.W.2d 1, 9 (Neb. 2011). But by intentionally electing to serve process by publication in Cass County, and pursue judgment in Cass County, having reason to believe by then that Pflueger resided in Sarpy County, the defendants were open to an FDCPA violation if Pflueger did not reside in Cass County when the collection

suit was commenced. The risk of uncertainty was on the debt collectors, giving them incentives to stay within legal boundaries. *Oliva*, 864 F.3d at 499.

There is evidence that the defendants' decision to file their collection action in Cass County was a legal judgment, an assessment of legal risk, and not a clerical or factual error protected by the bona fide error defense found in the FDCPA. At this juncture, it was the defendants' burden to prove as a matter of law that they acted unintentionally, and that the venue error was the result of a factual or clerical error "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). There is not evidence in the record that would allow the Court to conclude the bona fide error defense would apply as a matter of law. But that issue may be fairly litigated at trial with the benefit of both direct and cross-examination.

3. DEFENDANTS' MOTION TO STRIKE PFLUEGER'S AFFIDAVIT.

The defendants ask the Court to strike paragraphs 3 and 4 in Pflueger's affidavit offered in support of his motion for partial summary judgment. Filing 47; filing 48 at 4-5. The offending paragraphs concern Pflueger's sworn representations that "[o]n December 30, 2016, [he] moved from Cass County, Nebraska to Sarpy County, Nebraska, and had no intent to return to Cass County," and that he was sued by the defendants in the county where he did not reside. *See* filing 41-2 at 2.

The defendants argue that Pflueger's affidavit is "self-serving," that Pflueger did not disclose himself as a witness in his initial disclosures, and that Pflueger failed to produce corroborating documentation of his address such as bank records and utility billings or provide the specific dates that he resided at other addresses. Filing 48 at 2-3.

"Simply dismissing . . . evidence as 'self-serving' is precisely the sort of 'metaphysical doubt' that will not suffice to oppose summary judgment." *Gannon Intern., Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Indeed, the competency of counsel who would submit an affidavit that *didn't* serve his or her client's interest would have to be questioned. The defendants' argument that Pflueger failed to formally disclose himself as a witness in the required initial disclosures does not merit his exclusion as a witness—it certainly is not a surprise that he would be a witness in his own lawsuit. Finally, Pflueger's supplemental disclosures actually report that he moved from Cass County to Sarpy County on December 30, 2016, which is consistent with paragraph 3 of his affidavit. Filing 45-2 at 9-10. Again, this factual matter may be explored at trial.

The Court knows Fed. R. Civ. P. 37(c)(1) provides that when information or witnesses are not disclosed as required in initial or supplemental disclosures, a "party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Pflueger's failure to disclose himself as a witness is harmless, and the representations in his affidavit were disclosed in his supplemental answers to defendants' interrogatories.

Finally, the defendants argue that Pflueger's affidavit is submitted in bad faith pursuant to Fed. R. Civ. P. 56(h) because Pflueger's "Declaration is pertinent to the <u>same</u> issue upon which discovery was sought." Filing 48 at 4. The "same issue" the defendants reference is Pflueger's failure to produce corroborating records regarding his address change. But, Pflueger's affidavit does not reference anything about independent corroboration of his address

change, so his failure to provide those records is irrelevant for purposes of his affidavit.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Paragraphs 3 and 4 in Pflueger's affidavit merely state Pflueger's personal knowledge regarding where he lived when the defendants filed their collection action in Cass County. Filing 41-2 at 2. There is no basis to strike paragraphs 3 and 4 of Pflueger's affidavit.

## IV. CONCLUSION

There are genuine issues of material fact regarding where Pflueger resided at the time the defendants commenced their collection action against Pflueger in Cass County Court, and whether there is a factual basis to support a bona fide error defense. Neither party is therefore entitled to summary judgment, be it partial or full. This matter will proceed to trial and the Court will make credibility determinations as the evidence is adduced.

IT IS ORDERED:

1. Pflueger's motion for partial summary judgment (filing 41) is denied.

2. Defendants' motion for summary judgment (filing 43) is denied.

3. Defendants' motion (filing 47) to strike paragraphs 3 and 4 of Pflueger's affidavit is denied.

Dated this 22nd day of October, 2018.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge



# Cass County Law Enforcement Center
## Civil Process Division

### Wm. C. Brueggemann, Sheriff

336 Main  
Plattsmouth, NE 68048

Phone (402) 296-9375  
Fax (402) 296-9302

| | | | |
|---|---|---|---|
| Plaintiff: | **CREDIT BUREAU** | Court: | CASS COUNTY |
| -vs- | | | |
| Defendant: | **PFLUEGER, AARON M** | | |

**FILED CLERK**

**MAR 22 2017**

**CASS COUNTY COURT**

Sheriff's Case Number: 1700575

Court Docket Number: CI17   Page: 3

Date Received: 3/3/2017   Time / Date Served:

Date Returned: 3/22/2017

Type of Process: SUMMONS ALIAS

Attachments: COMPLAINT

How Served: NOT SERVED/MOVED

Person Served: AARON M PFLUEGER UNABLE TO LOCATE IN CASS COUNTY, NE

Location Served: NOT AT 214 OAK ST, LOUISVILLE, NE OR 32612 HAVELOCK AVE, ELMWOOD, NE / MOVED AWAY

Served By:

Misc Information: BY DEPUTY BILLY WEST #9209

| | | | |
|---|---|---|---|
| Service and Return: | $6.00 | Printing: | $0.00 |
| Mileage: | $44.07 | Commission: | $0.00 |
| Miscellaneous: | $0.00 | Misc to Tres: | $0.00 |
| | | **Total:** | **$50.07** |

I hereby certify that at the time and manner herein stated, the within Writ, together with copies shown, on the herein named party(s) a true copy thereof with all endorsements thereon, or returned said writ unserved in the prescribed manner.

All done in Cass County Nebraska, as required by law.

**Wm. C. Brueggemann,**  
Sheriff

For the Sheriff:



<span style="color:red">**APPENDIX A**</span>

IN THE COUNTY COURT OF CASS COUNTY, NEBRASKA

CREDIT BUREAU SERVICES,  
INC., A CORPORATION

CASE NO. CI17-3

          Plaintiff,

vs.

AARON M PFLUEGER

AFFIDAVIT OF  
MAILING NOTICE

**FILED CLERK**  
**MAY 10 2017**  
**CASS COUNTY COURT**

          Defendant(s).

Acct: C260124

STATE OF NEBRASKA   )  
                             )ss.  
COUNTY OF DODGE     )

000963671C20

Affiant, being first duly sworn upon oath, states:

1. Affiant is the attorney for the plaintiff herein, the party instituting and maintaining the above entitled proceeeding.

2. Notice of the above proceeding was first published in the PLATTSMOUTH JOURNAL on 05/04/2017.

3. On 05/08/2017, affiant sent by United States Mail a copy of the notice required in this proceeding to the Defendant(s) at their last known mailing address, the same being:
209 SHAMROCK RD GRETNA NE  68028 .

4. Further, affiant states that affiant and Plaintiff, after diligent investigation and inquiry, were unable to ascertain and do not know the post office address of any other party appearing to have a direct legal interest in the above entitled action other than the foregoing.

Postage:$ 0.49

#14195

Subscribed and sworn to before me on MAY 9, 2017.

GENERAL NOTARY - State of Nebraska  
PAT M RADTKE  
My Comm. Exp. March 11, 2019

Pat M Radtke  
Notary Public

AFPN R06/14

APPENDIX B